# In the United States Court of Federal Claims

No. 23-425

(Filed:  25 May 2023)

NOT FOR PUBLICATION

```
*************************************
KELLY KENNELLY,                      *
                                     *
              Plaintiff,             *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
              Defendant.             *
                                     *
*************************************
```

## ORDER

**HOLTE, Judge.**

On 17 May 2023, plaintiff filed an unopposed motion to transfer this case "to the District Court for the Eastern District of Virginia, Richmond Division pursuant to 28 U.S. Code § 1404." *See* Pl.'s Unopposed Mot. to Transfer Venue, ECF No. 5.  Plaintiff explains:

> There is precedent suggesting that the Court of Federal Claims is not the appropriate forum for a[ Fair Labor Standards Act ("FLSA")] retaliation claim. . . .  As such, to avoid a dispute over jurisdictional issues, transfer to a different court would best serve the interests of justice.  Because Plaintiff lives and (at least part of the time) works from her home in Virginia, she could have originally brought this action within the Eastern District of Virginia.

*Id.* at 2 (citing *Gibson v. United States*, No. 19-529, 2019 WL 4933585, at *4 (Fed. Cl. Oct. 7, 2019) ("The Federal Circuit has held that retaliation claims under the FSLA sound in tort and are outside the jurisdiction of this court." (citing *Jentoft v. United States*, 450 F.3d 1342, 1342 (Fed. Cir. 2006))).

28 U.S.C. § 1404(a) provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  This court, however, is not a district court and is not subject to a district court transfer statute.  In the Court of Federal Claims, 28 U.S.C. § 1631 allows this court to transfer cases to a district court.  28 U.S.C. § 1631 provides "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal

could have been brought at the time it was filed[,] . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred." "As this language indicates, the three principal requirements for granting a motion to transfer under Section 1631 are that: (1) the transferring court finds it lacks jurisdiction; (2) the proposed transferee court is one in which the case could have been brought at the time it was filed; and (3) the transfer is in the interest of justice." *Paresky v. United States*, 139 Fed. Cl. 196, 203–04 (2018) (citing *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1303 (Fed. Cir. 2008) ("A case may be transferred under [S]ection 1631 only to a court that has subject matter jurisdiction.")).

As plaintiff acknowledges, the Federal Circuit has held this court does not have jurisdiction over FLSA retaliation claims because such claims sound in tort. *See* Pl.'s Unopposed Mot. to Transfer Venue at 2; *Jentoft v. United States*, 450 F.3d 1342, 1350 (Fed. Cir. 2006) ("We affirm the Claims Court's decision dismissing [the plaintiff's] claim of retaliation under the FLSA for lack of subject matter jurisdiction."). The Court therefore does not have jurisdiction over plaintiff's FLSA retaliation claims, and the first requirement for transfer pursuant to 28 U.S.C. § 1631 is satisfied. Plaintiff's unopposed motion states plaintiff could have originally brought this action in the transferee court "[b]ecause Plaintiff lives and (at least part of the time) works from her home in Virginia[.]" Pl.'s Unopposed Mot. to Transfer Venue at 2. The second requirement for transfer pursuant to 28 U.S.C. § 1631 is therefore satisfied. Plaintiff's unopposed motion states "transfer to a different court would best serve the interests of justice" because it would avoid jurisdictional disputes. Pl.'s Unopposed Mot. to Transfer Venue at 2. The third requirement for transfer pursuant to 28 U.S.C. § 1631 is therefore satisfied.

The Court accordingly **GRANTS** plaintiff's Unopposed Motion to Transfer this case to the United States District Court for the Eastern District of Virginia, Richmond Division pursuant to 28 U.S.C. § 1631. The Clerk is **DIRECTED** to transfer this case to the United States District Court for the Eastern District of Virginia, Richmond Division. The Clerk is further **DIRECTED** to close this case upon transfer of the matter to the United States District Court for the Eastern District of Virginia, Richmond Division. No costs are awarded.

      **IT IS SO ORDERED.**

                                   s/ Ryan T. Holte
                                   RYAN T. HOLTE
                                   Judge